IN THE UNITED STATES DISTRIC COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CAR-FRESHNER CORPORATION and JULIUS SÄMANN LTD.<br><br>Plaintiffs<br><br>vs.<br><br>ISRAEL KOPEL d/b/a "NATIONAL LUMBER AND HARDWARE, INC<br>Defendant | Civil Action No.: 08-1204 (SEC) |

**CONSENT JUDGMENT**

Plaintiffs Car-Freshner Corporation and Julius Sämann Ltd. filed their complaint (Docket No. 1) on February 14, 2008 against defendant, Israel Kopel d/b/a National Lumber and Hardware, Inc. ("Kopel"). On April 28, 2008, an Answer to the Complaint was filed availing N.L. Stores, Inc., d/b/a National Lumber and Hardware, Inc. to the jurisdiction of this Court, and instituting it as defendant for all relevant purposes in the complaint.[1] (Docket No. 12) Plaintiffs and Defendants have agreed to dismiss all claims against Kopel, in his personal capacity, and to stipulate and consent to a judgment only against N.L. Stores, Inc., d/b/a National Lumber and Hardware, Inc. (hereinafter, "Defendant"). The complaint set forth claims against Defendant for trademark infringement, unfair competition and counterfeiting under Title 15 of the United States Code, the Lanham Act, joined with claims of common law trademark infringement and unfair competition. Defendant answered the complaint on April 28, 2008. (Docket No. 12) On July 29, 2008, the Court held a Settlement Conference in which, after hearing the parties'

---

[1] On June 13, 2008, Plaintiffs requested leave to amend the complaint in order to also include N.L. Stores, Inc., d/b/a National Lumber Hardware, Inc. as a defendant in this case. (Docket 15) Such petition is **moot**, as N.L. Stores, Inc., d/b/a National Lumber Hardware, Inc. voluntarily and purposefully submitted to the jurisdiction of this Court as a defendant for all purposes in the Complaint. (Docket 12).

CIVIL 08-1204 (SEC)
CONSENT JUDGMENT

contentions and demands, recommended a settlement agreement which the parties accepted. (Docket No. 27).

Defendant now stipulates and consents to this Consent Judgment to its prompt entry by the Court, and to each and every provision, ordered and decreed herein.

NOW THEREFORE, upon consent of the parties hereto, IT IS ORDER, ADJUDGED, DECREED:

1) Plaintiff, Car-Freshner Corporation (CFC) is a corporation organized and existing under the laws of the state of Delaware. CFC is the exclusive U.S. licensee of the Tree Design mark that is the subject of (1) U.S. Trademark Registration No. 719,498, dated August 8, 1961; (2) Registration No. 1,781,016, dated July 13, 1993; and (3) Registration No. 1,791,233, dated September 7, 1993. Copies of these registrations are attached as **Exhibits A-C**. Also, CFC is the exclusive U.S. licensee of the "Little Tree" and "Little Trees" marks that are subject of (1) Registration No. 1,017,832, dated August 12, 1975; and (2) Registration No. 1,990,039, dated July 30, 1996. Copies of these registrations are attached as **Exhibits D-E**.

2) Plaintiff, Julius Sämann Ltd. (JSL) is a corporation organized and existing under the laws of Bermuda, and owns the trademarks and registrations referenced above and attached as **Exhibits A-E**. (Collectively plaintiffs' Marks).

3) Defendant is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico with its principal place of business in Edif. Kodak, 246 Campo Rico Ave., Country Club, Carolina, Puerto Rico. Defendant owns and operates various stores under the name of "National Lumber and Hardware, Inc." and at all times, pertinent hereto, has been and is currently conducting business in this District. Defendant, through the stores d/b/a

2

CIVIL 08-1204 (SEC)
CONSENT JUDGMENT

"National Lumber and Hardware, Inc.", has promoted, advertised and sold in this judicial district air fresheners that unintentionally infringe and are counterfeits of plaintiffs' Marks.

4) Defendant recognizes the plaintiffs' rights in the Marks that are subject of the registrations identified above and attached as Exhibits A through E hereto. Defendant acknowledges that the Marks and the registrations for the Marks are valid, existing and incontestable.

5) Plaintiffs' Marks have been used nationwide since at least as early as 1952, including within Puerto Rico since at least as early as 1955. These marks are closely associated with plaintiffs' products by consumers, have come to represent substantial goodwill, and are recognized by consumers as an indication of the source of plaintiffs' goods.

6) Long subsequent to the aforesaid adoption and use of plaintiffs' Marks, Defendant began promoting, offering for sale and selling air fresheners which bear plaintiffs' Marks on their packaging that unintentionally infringe and are counterfeits of plaintiffs' Marks. A scan of several of Defendant's counterfeit products are attached as **Exhibit F**.

7) The use by Defendant of plaintiffs' Marks for air fresheners constitutes unintentional infringement of and counterfeits of plaintiffs' Marks.

8) As a result of the conduct referenced in the previous paragraphs, plaintiffs will suffer permanent and irreparable injury if the injunctive relief plaintiffs seek is not granted. Defendant has unintentionally infringed plaintiffs' trademarks and has sold products bearing counterfeits of plaintiffs' trademarks. The balance of hardship favors the plaintiffs.

CIVIL 08-1204 (SEC)
CONSENT JUDGMENT

**WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

A.  With the exception of air fresheners and products that originate with JSL or CFC, and no later than February 14, 2008, Defendant and their agents, servants, officers, directors, employees and any other persons in active concert or participation with Defendant:

i)  shall cease using a tree design or logo in connection with theadvertising, promotion, offering to sell or sale of goods or services relating thereto;

ii)  shall cease the advertising, promotion, offering to sell or sale of any air fresheners or related goods that are in the shape of a tree or that bear any tree design;

iii)  shall cease using plaintiffs' Marks or any colorable imitation thereof in connection with the advertising, promotion, offering to sell or sale of air fresheners and goods relating thereto;

iv)  shall never infringe or counterfeit any of plaintiffs' Marks;

v)  shall never import, distribute, advertise, promote, offer to sell or sell any air freshener bearing a tree design or any tree-shaped air freshener;

vi)  shall not take any action to induce beliefs that defendants' business or products are in any way connected with plaintiffs' business or products, and

vii)  Defendant shall pay to Plaintiffs a settlement amount of $25,000.00 for costs incurred by the Plaintiffs as a result of Defendants' infringement of Plaintiffs' Marks; and a nominal amount of $500.00 as a civil penalty. Defendant shall deliver a check payable to Car-Freshner Corporation in the amount of $25,500.00 to counsel for Plaintiffs. The check shall be encoded with the Federal Reserve ABA routing numbers at the bottom of the check. If Israel Kopel fails to deliver the check in the sum of $25,500.00 on or before August 29, 2008, as required by this Consent Judgment, interest shall accrue on this amount at the rate of 12% per

4

CIVIL 08-1204 (SEC)
CONSENT JUDGMENT

annum or the maximum amount allowed by law and shall be payable to plaintiffs in addition to all costs encountered incurred by plaintiffs to collect said amount.

B.  To the extent that this has not been already been done, Defendant shall also deliver to plaintiffs or their counsel not later than August 29, 2008, all documents, air fresheners, and other things which bear the infringing and counterfeit plaintiffs' Marks, including any reproduction, copy or colorable imitation of plaintiffs' Marks, as well as all documents relating to Defendant's purchase, acquisition and/or sale of said goods in the possession and control of Defendant, their agents, servants, employees, and any other persons in active concert or participation with Defendant.

C.  To the extent that this has not already been done, defendant Israel Kopel shall recall all of the infringing and counterfeit air fresheners from all the stores to whom Kopel has distributed or sold, directly or indirectly, the infringing and counterfeit air fresheners and shall deliver for destruction all of those infringing and counterfeit air fresheners to plaintiff CFC by overnight courier not later than August 29, 2008.

D.  In the event Defendant and/or any of the companies and/or stores d/b/a "National Lumber and Hardware, Inc." infringe any of plaintiffs' Marks in the future, Defendant hereby stipulates that it shall pay to plaintiffs an amount equal to $1.00 per infringing air freshener imported, purchased, manufactured, distributed or sold plus $10,000.00 per occurrence of infringement as liquidated damages, plus plaintiffs' attorney's fees and costs associated with any action required to enforce the terms of this Consent Judgment. This stipulated remedy shall be in addition to any other equitable or legal relief to which any plaintiff may otherwise be entitled under the law.

CIVIL 08-1204 (SEC)
CONSENT JUDGMENT

E. This Court shall retain jurisdiction to construe, enforce and implement this Consent Judgment upon the application of any party, and all notices in connection therewith shall be deemed sufficient to each party when served upon their representatives by certified mail, return receipt requested, at the address indicated herein.

F. All parties waive the right to appeal or otherwise contest this Consent Judgment and it may be entered without further notice to any party.

G. In the event plaintiffs or either of them, or if Defendant, files an action or motion to enforce this Consent Judgment and prevails in that action or motion, then the involved losing party (or parties') shall pay all of the prevailing party's (or parties') attorney's fees, consultants and expert witness' fees and other costs incurred in connection with that action or motion.

**SO ORDERED AND ADJUDGED.**

At San Juan, Puerto Rico, on August 21, 2008.

Salvador E. Casellas
United States Senior District Judge

